SARAH W. WINCHESTER *vs.* FRANCIS M. HOLMES & others.

Worcester.    Sept. 30, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ., absent.

If a wife releases dower in her husband's land, at his request, in consideration of an oral agreement by him to convey to her other land, and he neglects to do so, and becomes insolvent, she cannot maintain a bill in equity against his assignees in insolvency to compel such conveyance, although he was solvent at the time he made the agreement, and the land which he agreed to convey was ·no more than a fair equivalent for the value of the dower released by her. Nor can the bill be maintained to compel the assignees to make reimbursement to her, for ,the value of the dower, out of her husband's estate.

BILL IN EQUITY, filed July 24, 1882, against the assignees in insolvency of the estate of George C. Winchester, alleging that the said George C. Winchester, the husband of the plaintiff, on December 1, 1876, was the owner of a certain parcel of land in Ashburnham ; that on that day, to induce the plaintiff to sign a mortgage deed of certain other parcels of land, releasing her right of dower therein, the said George C. promised the plaintiff to give her the first parcel mentioned ; that this parcel was only a reasonable compensation for such release ; that the plaintiff, in consideration of the promise of her husband, signed the mortgage deed ; that he had neglected to convey the land ; that she believed that her husband had executed a deed to her, until he became insolvent ; that, in 1879, he was adjudged insolvent, and the defendants were appointed his assignees.

The prayer of the bill was, that the land might be decreed to her, and the defendants required to release the same to her ; and for further relief.

The case was referred to a master, who found that the allegations of the bill were proved ; and that at the time her husband

made the promise to the plaintiff he was solvent, and the agreement was not in fraud of creditors.

The plaintiff testified before the master that for the first few months after she signed the mortgage she knew that no deed had been given her; that, after that, she thought a deed had been made out, from what her husband said to her in the presence of members of their family; and that she did not know that no deed had been made to her until about the time the insolvency proceedings were begun.

Hearing before *Devens*, J., who reserved the case for the consideration of the full court.

*F. A. Gaskill*, for the plaintiff.

*S. Hoar*, (*R. Hoar* with him,) for the defendants.

FIELD, J. The principles which govern this case were considered in *Holmes* v. *Winchester*, 135 Mass. 299. It is suggested that the case discloses fraud on the part of George C. Winchester, whereby he obtained from his wife the release of dower in the land conveyed in mortgage, and then refused to convey to her, according to his promise, the property described in the bill. There is no allegation of fraud in the bill, but only an allegation that George C. Winchester has neglected to perform his promise. Neither does the master's report nor the evidence show fraud. It was plainly no part of the promise that the conveyance of the property should be contemporaneous with the release of dower. The plaintiff executed the release of dower relying upon the promise of her husband that he would some time in the future convey certain property to her, and he has neglected to do this.

The plaintiff also contends that, if the bill cannot be maintained for a conveyance of the property, it can be maintained " to compel the assignees to make reimbursement to her, for the value of the dower, out of her husband's estate." Whether the plaintiff has a provable claim in insolvency against her husband's estate we cannot decide in this suit. If the plaintiff has no right to any specific property, or to the proceeds of any specific property, in the hands of the assignees, we cannot in equity order them to pay money to her out of the assets of her husband's estate in performance of his promise to her made long before the proceedings in insolvency.       *Bill dismissed.*